# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, | Case No.: 1:20-CV-01872 |
| Plaintiff, | Judge James S. Gwin |
| v. | **ANSWER TO CLASS ACTION COMPLAINT** |
| NETFLIX, INC. and HULU, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

Defendant Hulu, LLC ("Hulu") hereby answers the allegations in Plaintiff City of Maple Heights, Ohio's ("Plaintiff") Class Action Complaint for (1) Violation of Ohio Revised Code §1332.32 and (2) Declaratory Judgment Act ("Complaint") filed August 21, 2020. Except as explicitly admitted herein, each and every allegation of the Complaint is denied. Hulu answers the numbered paragraphs of the Complaint as follows:

## ANSWER

1. Hulu denies the allegations in paragraph 1 of the Complaint.

2. Hulu denies the allegations in paragraph 2 of the Complaint.

3. Hulu denies the allegations in paragraph 3 of the Complaint.

4. Hulu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and on that basis, denies them.

5. Hulu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and on that basis, denies them.

6. Hulu admits it is a limited liability company organized under the laws of Delaware and headquartered in Santa Monica, California. Hulu admits it is a premium streaming service offering live and on-demand television and film to over 35 million subscribers, including

subscribers in Ohio.  Hulu admits that it provides access to over 80,000 television episodes and films as well as 65 channels of live television.  Hulu denies the remaining allegations in paragraph 6 of the Complaint.

7. Hulu admits this Court has jurisdiction over this action.  Hulu admits that it is a limited liability company organized under the laws of Delaware and headquartered in Santa Monica, California.  Hulu also admits that the putative class size and amount in controversy satisfy the requirements for CAFA jurisdiction.  Hulu denies the remaining allegations in paragraph 7 of the Complaint.

8. Hulu admits that venue is proper in this District under 28 U.S.C. § 1391(b).  Hulu denies the remaining allegations in paragraph 8 of the Complaint.

9. Hulu admits it is a premium streaming service offering live and on-demand television and film to over 35 million subscribers, including subscribers in Ohio.  Hulu admits that it provides access to over 80,000 television episodes and films as well as 65 channels of live television.  Hulu denies the remaining allegations in paragraph 9 of the Complaint.

10. Hulu admits its subscribers access Hulu's content through internet-connected devices.  Hulu admits the internet-connected devices used include computers, mobile devices, video game consoles, and televisions.  Hulu denies the remaining allegations in paragraph 10 of the Complaint.

11. Hulu admits that a subscriber with the Hulu application or a supported web browser can watch Hulu content anywhere as long as their device is connected to the public internet.  Hulu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 regarding Netflix and on that basis denies them.  Hulu denies the remaining allegations in paragraph 11 of the Complaint.

12. Hulu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and on that basis, denies them.

13. Hulu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis, denies them.

14. Hulu admits that a subscriber with the Hulu application or a supported web browser can watch Hulu content anywhere as long as their device is connected to the public internet.  Hulu denies the remaining allegations in paragraph 14 of the Complaint

15. Hulu admits that a subscriber with the Hulu application or a supported web browser can watch Hulu content anywhere as long as their device is connected to the public internet.  Hulu lacks knowledge or information sufficient to form a belief about the truth of the common internet providers in Maple Heights, and on that basis denies that allegation.  Hulu denies the remaining allegations in paragraph 15 of the Complaint.

16. Hulu denies the allegations in paragraph 16 of the Complaint.

17. Hulu denies the allegations in paragraph 17 of the Complaint.

18. Hulu denies the allegations in paragraph 18 of the Complaint.

19. Hulu denies the allegations in paragraph 19 of the Complaint.

20. Hulu denies the allegations in paragraph 20 of the Complaint.

21. Hulu denies the allegations in paragraph 21 of the Complaint.

22. Hulu denies the allegations in paragraph 22 of the Complaint.

23. Hulu denies the allegations in paragraph 23 of the Complaint.

24. Hulu admits that Plaintiff purports to bring this action as a class action.  Hulu denies the remaining allegations in paragraph 24 of the Complaint.

25. Hulu denies the allegations in paragraph 25 of the Complaint.

26. Hulu denies the allegations in paragraph 26 of the Complaint.

27. Hulu denies the allegations in paragraph 27 of the Complaint.

28. Hulu denies the allegations in paragraph 28 of the Complaint.

29. Hulu denies the allegations in paragraph 29 of the Complaint.

30. Hulu denies the allegations in paragraph 30 of the Complaint.

31. Hulu denies the allegations in paragraph 31 of the Complaint.

32. Hulu denies the allegations in paragraph 32 of the Complaint.

33. Hulu incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Hulu denies the allegations in paragraph 34 of the Complaint.

35. Hulu denies the allegations in paragraph 35 of the Complaint.

36. Hulu denies the allegations in paragraph 36 of the Complaint.

37. Hulu denies the allegations in paragraph 37 of the Complaint.

38. Hulu incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Hulu denies the allegations in paragraph 39 of the Complaint.

40. Hulu admits that Plaintiff purports to seek a declaration from this Court. Hulu denies the remaining allegations in paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

41. Hulu asserts the following affirmative defenses, without assuming the burden of proof as to any such defenses or portions thereof which would otherwise rest with Plaintiff. Hulu expressly reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

**First Affirmative Defense**

42. Plaintiff's claims, and any potential recovery thereunder, are barred by the statute of limitations.

**Second Affirmative Defense**

43. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**Third Affirmative Defense**

44. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.  Ohio law vests in the Director of Commerce the exclusive discretionary authority to decide whether to issue a video service authorization and whether to take enforcement action for any failure to do so.  Plaintiff's claims invade that discretionary authority.

**Fourth Affirmative Defense**

45. Plaintiff's claims are barred, in whole or in part, for failing to exhaust administrative remedies before bringing this action.

**Fifth Affirmative Defense**

46. Plaintiff's claims are barred, in whole or in part, because Plaintiff's application of the video service provider fee to Hulu is preempted by the Internet Tax Freedom Act's prohibition against discriminatory taxation of electronic commerce, 47 U.S.C. § 151 note § 1101(2), and the Communications Act's prohibition on local governments applying franchise fees to non-cable services.  47 U.S.C. §§ 541, 542, 556(c).

### Sixth Affirmative Defense

47.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's application of the video service provider fee to Hulu violates the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

### Seventh Affirmative Defense

48.     Plaintiff's claims are barred, in whole or in part, because the application of the video service provider fee on Hulu violates the Dormant Commerce Clause of the United States Constitution.

### Eighth Affirmative Defense

49.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defense

50.     Plaintiff and its counsel have failed to join as parties to this action all persons and entities who would be necessary and/or indispensable parties for the adjudication of the claims of Plaintiff and/or the members of the proposed class.

### Tenth Affirmative Defense

51.     Hulu has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff and on behalf of the entities claimed to be members of the proposed class. Hulu, therefore, reserves the right to raise additional defenses as appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Hulu respectfully requests the Court enter judgment in its favor and against Maple Heights as follows:

a.     Dismissing all claims against Hulu in Maple Height's Complaint with prejudice;

b. Entering judgment in favor of Hulu; and

c. Granting Hulu any further relief as this Court may deem just, proper, or equitable.

October 19, 2020                                       Respectfully submitted,

*/s/ Kerri L. Keller*
Kerri L. Keller (Ohio Bar No. 0075075)
BROUSE McDOWELL
388 S. Main St., Suite 500
Akron, OH 44311-4407
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
kkeller@brouse.com


*/s/ Victor Jih*
Victor Jih (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-1650
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
vjih@wsgr.com

*Counsel for Defendant Hulu, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 19, 2020, a copy of the foregoing was filed electronically and sent to all counsel of record by operation of the Northern District of Ohio's CM/ECF System.

*/s/ Kerri L. Keller*
Kerri L. Keller
