**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CITY OF MAPLE HEIGHTS, OHIO,** *et al.*, | ) CASE NO.: 1:20-CV-01872 |
| | ) |
| | ) **JUDGE JAMES S. GWIN** |
| Plaintiffs, | ) |
| | ) **MAGISTRATE JUDGE** |
| v. | ) **THOMAS M. PARKER** |
| | ) |
| **NETFLIX, INC.,** *et al.*, | ) **DEFENDANT NETFLIX, INC.'S** |
| | ) **MEMORANDUM IN SUPPORT OF** |
| Defendants. | ) **ITS MOTION TO DEEM THE** |
| | ) **ALLEGATIONS SET FORTH IN ITS** |
| | ) **COUNTERCLAIM ADMITTED** |

**I.     PRELIMINARY STATEMENT**

On December 10, 2020, Plaintiff, the City of Maple Heights (the "City"), was required by this Court's orders to answer Defendant Netflix, Inc.'s ("Netflix") Counterclaim.  (*See* ECF No. 25 at p. 5 and ECF No. 26).  The City, however, (while filing a Motion to Dismiss Netflix's Counterclaim) chose to flout this Court's requirement that an answer also be filed.  As a consequence, the City has admitted the allegations set forth in Netflix's Counterclaim.

**II.    PROCEDURAL FACTS**

On August 21, 2020, the City filed its Complaint against Defendants Netflix and Hulu, LLC ("Hulu") (Netflix and Hulu are collectively referred to herein as the "Defendants").  (ECF No. 1).  In short, the City alleges that Defendants provide video services, are video service providers, and, as such, must pay a franchise fee to the City pursuant to Ohio Rev. Code. § 1332.21 *et. seq.* (the "VSF Act").  (*See generally id.*).  Based on these allegations, the City asks this Court to declare that the VSF Act is applicable to Defendants' services and to find that Defendants violated the VSF Act.  (*See generally id.*).

On September 9, 2020, Netflix filed an Unopposed Motion for Extension of Time which the Court granted on September 14, 2020. (ECF No. 7). In granting Netflix's motion, the Court ruled that it had "until 10/19/2020 to answer" the Complaint. (*Id*.). Pursuant to the Court's order, on October 19, 2020, Netflix moved to dismiss the Complaint (ECF No. 21), answered the Complaint (ECF No. 22), and filed a Counterclaim in which Netflix alleges that the City's attempt to contort the VSF Act in a manner that encompasses Defendants' services renders it unconstitutional. (*See generally id*.). The Counterclaim posits that if this Court adopts the City's tortured interpretation of the VSF Act, the VSF Act will necessarily violate the First Amendment, the Internet Tax Freedom Act, the Communications Act, and the Commerce Clause. (*See generally id.*).

On October 23, 2020, the Court entered the Scheduling Order which states, in pertinent part:

> The Court ***requires*** defendants to file an answer to the complaint ***regardless*** of whether they have filed or plan to file a motion to dismiss. ***The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint***.

(ECF No. 25 at p. 5) (emphases added).

On November 6, 2020, the City filed an Unopposed Motion For Extension of Time in which it requested "an extension of time, up to and including December 10, 2020" to oppose Netflix's Motion to Dismiss and "answer and/or respon[d] to Netflix's counterclaims." (ECF No. 26). On November 10, 2020, the Court granted the City's Unopposed Motion for Extension of Time and ruled that it had "***until 12/10/2020 to answer Netflix Inc.'s Counterclaims***" and to oppose Defendants' Motions to Dismiss. (*Id*.) (emphasis added).

On December 10, 2020, the City opposed the Defendants' Motions to Dismiss (ECF Nos. 33 and 34) and moved to dismiss Netflix's Counterclaim (ECF No. 35). The City, however, did

not answer Netflix's Counterclaim—despite the Court's unambiguous requirement that it do so. (*See* ECF No. 25 at p. 5 and ECF No. 26).

### III.   LAW AND ARGUMENT

By failing to answer Netflix's Counterclaim, the City admitted all of the allegations set forth therein. The City's failure to answer Netflix's Counterclaim on December 10, 2020 is in derogation of this Court's Scheduling Order. (*See* ECF No. 25 at p. 5 and ECF No. 26). As a result of its failure to file an answer when this Court ordered it to do so, the Federal Rules of Civil Procedure and black-letter Sixth Circuit law provide that the City has admitted the allegations set forth in Netflix's Counterclaim. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); *see also Dunbar v. Prelesnik*, No. 16-1374, 2016 WL 11618615, at *2 (6th Cir. Oct. 27, 2016) ("the defendants were required to file an answer within fourteen days" of the denial of their motion to dismiss and their "failure to do so constituted an admission of all of the complaint's factual allegations pursuant to Rule 8(b)(6)"); *Consolo v. United Mediation Group, LLC*, No. 17-cv-681, 2018 WL 1848652, at *2 (N.D. Ohio Apr. 18, 2018) ("Because Defendants failed to respond to Consolo's allegations, they are deemed to have admitted them"); *Gomez v. U.S.*, No. 09-22148-Civ., 2010 WL 3834211, at *1-2 (S.D. Fla. Sept. 28, 2010) (partially granting "Defendant's Motion to Deem Certain Allegations in the United States' Counterclaim Admitted" pursuant to Rule 8(b)(6) because the "allegations required a responsive pleading and were not denied.").

### IV.   CONCLUSION

As set forth above, Netflix respectfully requests that the Court rule that the City admitted all of the allegations set forth in Netflix's Counterclaim.

January 4, 2021                                    Respectfully submitted,


                                                   /s/ Gregory C. Djordjevic
                                                   Amanda Martinsek (0058567)
                                                   Gregory C. Djordjevic (0095943)
                                                   ULMER & BERNE LLP
                                                   1660 West 2nd Street, Suite 1100
                                                   Cleveland, Ohio 44113-1448
                                                   216-583-7000 / Fax: 216-583-7001
                                                   Email: amartinsek@ulmer.com
                                                   Email: gdjordjevic@ulmer.com

                                                   Of counsel:

                                                   Mary Rose Alexander*
                                                   Robert C. Collins III*
                                                   LATHAM & WATKINS LLP
                                                   330 North Wabash Ave., Suite 2800
                                                   Chicago, IL 60611
                                                   312-876-7700/Fax: 312-993-9767
                                                   Email: mary.rose.alexander@lw.com
                                                   Email: robert.collins@lw.com
                                                   Email: joseph.thomas@lw.com

                                                   Jean A. Pawlow*
                                                   LATHAM & WATKINS LLP
                                                   555 Eleventh Street, NW, Suite 1000
                                                   Washington, D.C. 20004-1304
                                                   202-637-2200/Fax: 202-637-2201
                                                   Email: jean.pawlow@lw.com

                                                   *admitted *pro hac vice*

                                                   Counsel for Defendant Netflix, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on January 4, 2021, a copy of the foregoing was filed electronically and sent to all counsel of record by operation of the Court's CM/ECF System.

*/s/ Gregory C. Djordjevic*
*Counsel for Defendant Netflix, Inc.*