UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>             Defendants. | Case No. 1:20-CV-01872<br><br>Hon. James S. Gwin<br><br>Magistrate Judge Thomas M. Parker |

**PLAINTIFF CITY OF MAPLE HEIGHTS, OHIO'S MOTION FOR LEAVE TO FILE A SUR-REPLY *INSTANTER* TO DEFENDANT NETFLIX, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DEEM THE ALLEGATIONS SET FORTH IN ITS COUNTERCLAIM ADMITTED**

Plaintiff City of Maple Heights, Ohio, individually and on behalf of all others similarly situated ("Plaintiff"), pursuant to this Court's inherent authority, respectfully moves the Court for leave to file a sur-reply to Defendant Netflix, Inc.'s ("Netflix") reply in support of its motion to deem the allegations in its Counterclaim admitted.  *See* Proposed Sur-Reply (attached hereto as **Ex. A**.)

Plaintiff should be granted leave to file a brief sur-reply because Netflix raises a new argument for the first time in its reply brief.  "Although the Federal Rules of Civil Procedure and the Local Rules do not provide for sur-replies, district courts have discretion to permit sur-replies in 'appropriate circumstances.'" *Maatuk v. Emerson Electric, Inc.*, No. 1:16-CV-03023, 2019 WL 582461, at *1 (N.D. Ohio Feb. 13, 2019) (Parker, J.).  Such circumstances arise "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Id.*

Here, Netflix argues in its reply brief that Federal Rule 16(b)(4)'s standard applies to Plaintiff's request for leave to file an answer *instanter*. (ECF No. 43 at 3.) This argument was not addressed in Plaintiff's brief and could not be reasonably anticipated because, as set forth in Plaintiff's proposed sur-reply, Rule 16 clearly does not apply to the circumstances here. Rather, Netflix is attempting to have this Court to apply a "heightened" standard so that it can seize on an inadvertent misunderstanding by Plaintiff to avoid adjudication of its meritless Counterclaim. Plaintiff should be permitted to file a sur-reply to address Netflix's argument so that the Court has the benefit of having the issue fully briefed before adjudicating the merits of the motion. Accordingly, Plaintiff 's motion for leave to file a sur-reply should be granted.

Dated: January 18, 2021                        Respectfully submitted,

*/s/ Justin J. Hawal*
Mark A. DiCello (0063924)
Justin J. Hawal (0092294)
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Tel: 440-953-8888
madicello@dicellolevitt.com
jhawal@dicellolevitt.com

Adam J. Levitt
Mark Hamill (*pro hac vice*)
Brittany Hartwig (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Austin Tighe*
Michael Angelovich*
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350

        Austin, Texas 78746
        Tel: 512-328-5333
        atighe@nixlaw.com
        mangelovich@nixlaw.com

        C. Cary Patterson*
        **NIX PATTERSON, LLP**
        2900 St. Michael Drive, 5th Floor
        Texarkana, Texas 75503
        Tel: 903-223-3999
        ccp@nixlaw.com

        Peter Schneider*
        **SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
        3700 Buffalo Speedway, Ste. 1100
        Houston, Texas 77098
        Tel: 713-338-2560
        pschneider@schneiderwallace.com

        Todd M. Schneider*
        Jason H. Kim*
        **SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
        2000 Powell Street, Suite 1400
        Emeryville, California 94608
        Tel: 415-421-7100
        tschneider@schneiderwallace.com
        jkim@schneiderwallace.com

        ***Counsel for Plaintiff and the Proposed Class***

\* *Pro Hac Vice* applications to be filed

3

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this case has assigned to the Standard Track (*see* ECF 32 at 1) and this motion complies with the page limitations for a Standard Track case under Local Rule 7.1(f).

>  */s/ Justin J. Hawal*
>  Justin J. Hawal (0092294)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 18th day of January, 2021.

>  */s/ Justin J. Hawal*
>  Justin J. Hawal (0092294)