UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, | : | CASE NO. 1:20-cv-01872 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 38, 39] |
| vs. | : | |
| | : | |
| NETFLIX, INC., et al., | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Maple Heights sues Defendants Netflix and Hulu for failure to pay a video service provider fee under O.R.C. § 1332.32.[1] In response, Defendant Netflix countersues Plaintiff Maple Heights.[2] With its counterclaim, Netflix claims that Maple Heights's attempt to apply O.R.C. § 1332.32 to Netflix violates the First Amendment and Commerce Clause and argues is preempted by various federal laws.

The Court directed Maple Heights to answer Netflix's counterclaims by December 10, 2020 regardless of whether Maple Heights intended to file a motion to dismiss the counterclaim.[3] On December 10, 2020, Maple Heights filed a motion to dismiss Netflix's counterclaims. Seemingly ignoring this Court's direction to file an answer irrespective of having filed a motion to dismiss the counterclaim, Maple Heights failed to file an answer.

---

[1] Doc. 1.
[2] Doc. 22.
[3] Doc. 25; Non-document docket entry order granting Plaintiff's "Motion for Extension of time until 12/10/2020 to answer Netflix, Inc.'s Counterclaims."

Case No. 1:20-cv-01872
GWIN, J.

Now, Netflix moves to deem the undenied allegations in its counterclaim admitted.[4] Maple Heights opposes and moves for leave to file an answer to Netflix's counterclaim.[5] Maple Heights explains that it failed to file a timely answer to Netflix's counterclaims because it misunderstood the Court's order.

For the following reasons, the Court **DENIES** Netflix's motion to deem the undenied allegations admitted and **GRANTS** Maple Heights's motion for leave to file an answer.

I. Discussion

Under Rule 6, "when an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[6] To determine whether there was excusable neglect, courts consider:

> (1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.[7]

Similarly, under Rule 16, the Court may modify a scheduling order "for good cause."[8] "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."[9] Courts also consider whether the modification would prejudice the opposing party.[10]

---

[4] Doc. 38.
[5] Doc. 39.
[6] Fed. R. Civ. P. 6(b)(1)(B).
[7] *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[8] Fed. R. Civ. P. 16(b)(4).
[9] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).
[10] *Id.*

Case No. 1:20-cv-01872
GWIN, J.

The parties disagree about which rule governs Plaintiff Maple Heights's motion for leave to file an answer. Because the Sixth Circuit has not weighed in on this issue, the Court considers both rules' requirements.[11]

First, the Court finds that Maple Heights was sufficiently diligent in attempting to comply with the Court's scheduling order. Indeed, this is not a case where Plaintiff entirely disregarded the Court's scheduling order. Though Maple Heights failed to file a timely answer to Defendant Netflix's counterclaims, Plaintiff did file a timely motion to dismiss. Maple Heights has satisfied the good cause requirement.

Second, this case stands at an early stage. The Court finds that permitting Maple Heights to file an answer at this early point in the litigation does not prejudice Netflix or have an impact on the proceedings timeline. Netflix's arguments to the contrary are unpersuasive. As Maple Heights points out, Maple Heights had already "explained in detail the basis of its opposition" to Netflix's allegations in its opposition to Netflix's motion to dismiss.[12] And with the remaining deadlines still months away, the Court is not convinced that a month-and-a-half delay will have an impact on the litigation. Therefore, these factors weigh in favor of finding excusable neglect.

Third, the Court finds that Maple Heights is acting in good faith. Maple Heights acted quickly after Netflix pointed out Plaintiff Maple Heights's error. This factor weighs in favor of finding excusable neglect.

---

[11] See *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240–41 (E.D. Ky. 2018) (explaining the uncertainty among district courts about whether Rule 6 or Rule 16 applies "when a party [seeks to file] a motion after the scheduling order deadline").
[12] Doc. 39 at 7.

Case No. 1:20-cv-01872
GWIN, J.

Though the delay was in Maple Heights's control, the four other factors weigh in favor of finding Maple Heights's delay in answering Netflix's counterclaims was excusable neglect.

The Court finds that Maple Heights has satisfied the Rule 6 good cause and excusable neglect requirements and the Rule 16 good cause and lack of prejudice requirements.

## II. Conclusion

The Court **DENIES** Netflix's motion to deem the undenied allegation in it counterclaim admitted. The Court **GRANTS** Maple Heights's motion for leave to file an answer to Netflix's counterclaims.

IT IS SO ORDERED.

Dated: January 20, 2020         *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE