# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>                  Defendants. | Case No. 1:20-CV-01872<br><br>Hon. James S. Gwin<br><br>Magistrate Judge Thomas M. Parker |

## PLAINTIFF CITY OF MAPLE HEIGHTS, OHIO'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
## <u>THE EXPERT REPORT OF PROFESSOR CHRISTOPHER J. WALKER</u>

**Dated:**  June 7, 2021

## I. INTRODUCTION AND ARGUMENT SUMMARY

Christopher J. Walker is a law professor at the Ohio State University Moritz College of Law. Defendant Hulu, LLC ("Hulu") offers his opinions as a putative expert on Ohio state and municipal law to buttress its arguments against class certification. Professor Walker's opinions will not assist the trier of fact—in this case, the Court—to determine whether a class of Ohio municipalities should be certified. This is because, as is universally recognized, the law is an inappropriate subject for expert testimony. *See, e.g., Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009) ("An expert opinion on a question of law is inadmissible."); *United States ex rel. Compton v. Midwest Specialties*, 142 F.3d 296, 302 (6th Cir. 1998) ("Expert testimony is not proper for issues of law.") (Internal quotation omitted.) This rule applies equally to class certification. *Woodard v. Andrus*, No. 03-2098, 2009 U.S. Dist. LEXIS 6431. *11 (W.D. La. Jan. 20, 2009) (excluding the opinion of a law professor offered in support of class certification: "Courts have consistently been reluctant to permit legal experts to testify as to matters of domestic law").

Hulu's counsel was fully able to present legal arguments in opposition to class certification, and this Court is fully able to evaluate such legal arguments, without Professor Walker's assistance. Everything in Professor Walker's report could have been presented in Hulu's memorandum in opposition to Plaintiff's class certification motion.  Thus, Professor Walker's opinions should be excluded in their entirety.

## II. SUMMARY OF PROFESSOR WALKER'S OPINIONS

Among the qualifications listed by Professor Walker are that he "regularly teach[es] courses regarding state and local government law, legislation and regulation, administrative law, civil procedure, and constitutional litigation." Exhibit 1 at ¶ 1. He also describes himself as "one

1

of the leading academic experts on Ohio state and local government law." *Id.* at ¶ 5. Although he admits that "[m]y opinions are based on my expertise in Ohio local government law," he paradoxically disclaims offering "any legal opinions or conclusions." *Id.* ¶ 9. His opinions are mostly based on legal materials with which the Court is quite familiar, such as "certain parts of the Ohio Revised Codes" and "certain ordinances and city charters." *Id.* ¶ 10. *See also* Appendix B.

He offers four opinions, all of which are: (1) based on his interpretation of the relevant laws and legal principles and/or (2) merely summarize a few cherry-picked examples of municipal ordinances and enforcement actions (or the lack thereof):

1. Ohio is a home rule state with respect to local government authority. Ohio places special emphasis on local power and sovereignty, which allows for a vast and varied approach to municipal governance.

2. Every local government in Ohio, no matter how it is organized, exercises sovereignty in the way that it legislates and governs within its borders. This sovereignty is shown through the Ohio Fair Competition in Cable Operations Act, which requires local government action before the video service provider fee is owed.

3. Examining the implementation of the video service provider fee by various local governments shows the exercise of this sovereign power. Differences in the language of local governments' various ordinances that adopt the video service provider fee, as well as enforcement practices, show how different local governments pursue different strategies as to the collection of this fee.

4. The choice to participate in litigation is subsumed within a local government's inherent sovereignty. Due to the number of risks and challenges that come with municipal litigation, many local governments may pursue enforcement strategies that are less expensive and less public. Local government sovereignty makes localities problematic candidates for class treatment. It is not clear whether local governments can retain counsel on continency fee arrangements under Ohio law.

Exhibit 1 to Declaration of Justin J. Hawal ("Hawal Decl."), ¶¶ 12-15. As set forth below, these opinions are nothing more than legal arguments that could have been presented by Hulu's counsel and are, therefore, not admissible expert opinions.

2

## III. ARGUMENT

### A. Standard of Review

This Court acts as a gatekeeper for expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 597 (1993); *see also* Fed. R. Evid. 702 Advisory Committee Notes. Under Rule 702, expert testimony is admissible if the evidence will assist the trier of fact and if the witness is qualified as an expert. *Glaser v. Thompson Medical Co., Inc.*, 32 F.3d 969, 971 (6th Cir. 1994). The Court has broad discretion to exclude expert opinion that does not meet the requirements of the Federal Rules of Evidence. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). The party seeking admission of an expert's testimony has "the burden of proving admissibility by a preponderance of the evidence." *Lucio v. Levy Envtl. Servs. Co.*, 173 F. Supp. 3d 558, 564 (N.D. Ohio 2016).

Whether a district court is *required* to decide a *Daubert* challenge at the class certification stage is unsettled in the Sixth Circuit. *See Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 465 (6th Cir. 2020). But a district court certainly has discretion to do so. *See, e.g., In re Carpenter Co.*, No. 14-0302, 2014 U.S. App. LEXIS 24707, *10-11 (6th Cir. Sept. 29, 2014). This Court should exercise that discretion for the reasons set forth below.

### B. Dr. Walker's Opinions Should be Excluded Because They Consistent Entirely of Impermissible Legal Opinions

Expert opinions on domestic law are inadmissible. *See, e.g., Chavez*, 559 F.3d at 498; *Untied States ex rel. Compton*, 142 F.3d at 302. It is well-settled that "expert testimony by lawyers, law professors, and others concerning legal issues is improper." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). "This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial." *Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 100 (1st Cir. 1997). In other words, legal expert

3

testimony is not necessary or appropriate because "[e]ach courtroom comes equipped with a 'legal expert' called a judge." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997). Expert legal testimony is simply not helpful to the factfinder under Rule 702.[1]

And while this rule is often employed to prevent experts from applying dispositive legal standards to tell the jury what result to reach, it is also used to exclude expert opinions that are merely extensions of a legal brief. As the Seventh Circuit noted in *RLJCS Enters. v. Prof'l Ben. Trust Multiple Emplr. Welfare Ben. Plan & Trust,* 487 F.3d 494, 498 (7th Cir. 2007):

> Argument about the meaning of trust indentures, contracts, and mutual-to-stock conversions belongs in briefs, not in "experts' reports." Legal arguments are costly enough without being the subjects of "experts'" depositions and extensive debates in discovery, in addition to presentations made directly to the judge. If specialized knowledge about tax or demutualization would assist the judge, the holders of that knowledge can help counsel write the briefs and present oral argument. In this court each side is represented by two law firms, and a professor of law also has signed plaintiffs' brief. Enough!

This observation applies here. If Professor Walker has expertise in certain legal issues relevant to class certification in this case, he should have simply assisted Hulu's counsel in preparing their brief. *See also N. River Ins. Co. v. Emplrs. Reinsurance Corp.*, 197 F. Supp. 2d 972, 980-84 (S.D. Ohio 2002) (striking portions of expert affidavits offered in support of cross-motions for summary judgment to the extent they constituted legal opinions); *Bridgeport Music, Inc. v. Smelzgood*

---

[1] *See also* Note, *Expert Legal Testimony*, 97 Harv. L. Rev. 797 (1984) ("[D]espite the liberalization of the rules governing expert testimony, it remains black-letter law that expert legal testimony is not permissible."); Mueller & Kirkpatrick, Expert testimony on law, 3 Federal Evidence § 7:12 (Online ed. 2018) ("expert testimony on points of law is largely inadmissible because it is not helpful under Rule 702"); Kaye, Expert Testimony on Law, The New Wigmore: Expert Evidence § 2.3 (Online ed. 2018) ("Expert testimony that states 'an opinion on the current status of the law on a particular subject . . . is almost always excluded' because it is not helpful to the jury."); Admissibility of expert testimony regarding questions of domestic law, 66 A.L.R.5th 135 (Originally published in 1999) ("Courts have historically refused to admit testimony explaining matters of domestic law, including statutory and regulatory law, as well as the interpretation of contracts and insurance policies.").

*Entm't, Inc.*, No. 3:01-0780, 2006 U.S. Dist. LEXIS 101713, *2 (M.D. Tenn. Aug. 2, 2006) (objection to purported expert declaration was "well taken" where it "sounds in more legal argument than expert opinion").

Purported legal experts have been routinely excluded by courts considering class certification. For example, the court in *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04720, 2008 U.S. Dist. LEXIS 23073, *7-10 (March 24, 2008), excluded the testimony of a law professor that the laws governing default, foreclosure, and remedies for creditor noncompliance as they apply to secured consumer motor vehicle financing are not uniform throughout the country. This is similar to one of the opinions that Professor Walker offers here—that the municipal ordinances implementing the Ohio Fair Competition in Cable Operations Act are purportedly not uniform. This opinion (and all of Professor Walker's other opinions) should be excluded because "[w]hether or not the law supports certification of a class action in this case is a decision within the sole province of this Court." *Id.* at *9.[2] *See also Woodard*, 2009 U.S. Dist. LEXIS 6431, *13; *Kendrick v. Std. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 135694, *28, n. 6 (treating affidavits by law professors on the issue of ascertainability as legal argument and not expert opinion).

Here, all four of Professor Walker's opinions constitute inadmissible legal opinions. First, his opinion about Ohio being a home rule state (Ex. 1 at ¶¶ 17-38), is based on the Home Rule Amendment to the Ohio Constitution and related historical materials, as well as an overview of the structure of the types of municipal governments in Ohio. This opinion is based on legal authorities that Hulu could have presented in its opposition brief. *See N. River Ins. Co.*, 197 F. Supp. 2d at 981-82 (striking portions of expert affidavit that purported to describe "a basic part of

---

[2] While the court did consider the expert affidavits as additional argument in support of each party's position (and not as expert testimony), the Court should not do the same here. Professor Walker presents 16 single-spaced pages of legal argument. When added to Hulu's brief, this is far in excess of the page limits.

5

the legal framework" of reinsurance law and constituted "a discussion of the legal principles of indemnity law").

Similarly, Professor Walker's second opinion about the sovereignty exercised by local governments in Ohio (Ex. 1 at ¶¶ 39-48), is purely a series of legal conclusions. Indeed, much of this section consists of his interpretation of various provisions of the Ohio Fair Competition in Cable Operations Act, the very law at issue here whose interpretation this Court will decide. *Id.* at ¶¶ 42-48.

Professor Walker's third opinion relates to purported variations in municipal ordinances enacted to implement the Ohio Fair Competition in Cable Operations Act and variations in enforcement of the Act. Ex. 1 at ¶¶ 49-65. These purported variations are apparent from the face of the materials cited and Hulu could have cited the municipal ordinances and minutes in its brief. *See Jenkins*, 2008 U.S. Dist. LEXIS 23073, *7-10 (excluding legal opinion about variation in state laws). Furthermore, the examples in this section were not generated as the result of a comprehensive study by Professor Walker of municipal ordinances and enforcement actions relating to the Act. Exhibit 2 to Hawal Decl. at 51:6-17. Rather, many of these examples were brought to his attention by Hulu's counsel. *Id.* at 52:22 – 53:20 and 54:22 – 55:22. Thus, Hulu could have simply cited these materials directly in its brief.

Finally, Professor Walker's fourth opinion about the choice to litigate being within a local government's sovereignty begins with a discussion of enforcement options based on his interpretation of certain provisions of the Ohio Fair Competition in Cable Operations Act. Exhibit 1 at ¶¶ 66-71. As set forth above, this is not a proper subject of expert testimony. He then makes what is essentially a policy argument for why local governments should not be included in a class. *Id.* at ¶¶ 72-80. This sort of policy argument is routinely included in legal briefs and is not a proper

6

subject of expert testimony. *See N. River Ins. Co.*, 197 F. Supp. 2d at 983 (striking portions of expert affidavit that "are not factual in nature, but rather amount to a policy argument which might be found in a legal brief on this issue"). The last part of this section addresses his doubt about the validity of contingency fee arrangements between local governments and private counsel, based on certain provisions of Ohio law and materials from the Ohio Attorney General. Ex. 1 at ¶¶ 81-85. This is purely an inadmissible legal opinion. The fact he also addresses public policy (*Id.* at ¶ 85), does not save any part of this opinion, as set forth above. It is for the Court, and not Professor Walker, to decide such policy issues in the context of whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. Rule 23(b)(3). Hulu has argued this point in its brief and Professor Walker's opinions on this same topic are superfluous as well as being inadmissible.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff City of Maple Heights, Ohio respectfully requests that this Court grant its Motion to Strike the Expert Report of Professor Christopher J. Walker.

Dated: June 7, 2021

Respectfully submitted,

*/s/ Justin J. Hawal*
Mark A. DiCello (0063924)
Justin J. Hawal (0092294)
**DICELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio 44060
Tel: 440-953-8888
madicello@dicellolevitt.com
jhawal@dicellolevitt.com

Adam J. Levitt
Mark Hamill (*pro hac vice*)
Brittany Hartwig (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602

7

Tel:  312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Austin Tighe
Michael Angelovich
Chad Ihrig
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, Texas  78746
Tel: 512-328-5333
atighe@nixlaw.com
mangelovich@nixlaw.com
cihrig@nixlaw.com

C. Cary Patterson*
**NIX PATTERSON, LLP**
2900 St. Michael Drive, 5th Floor
Texarkana, Texas  75503
Tel:  903-223-3999
ccp@nixlaw.com

Peter Schneider*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
3700 Buffalo Speedway, Ste. 1100
Houston, Texas  77098
Tel:  713-338-2560
pschneider@schneiderwallace.com

Todd M. Schneider*
Jason H. Kim*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, California  94608
Tel:  415-421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com

*Counsel for Plaintiff and the Proposed Class*

\* *Pro Hac Vice* applications to be filed

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 7th day of June, 2021.

>                                         */s/ Justin J. Hawal*
>                                         Justin J. Hawal (0092294)