UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, | : | CASE NO. 1:20-cv-01872 |
| | : | |
| Plaintiff, | : | |
| | : | ORDER |
| v. | : | |
| | : | |
| NETFLIX, INC. & HULU LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In Ohio, before a person can provide video services within the state, they must receive authorization from the Ohio director of commerce.[1] In exchange for granting a video service provider the right to provide video services (i.e., deliver "video programming over wires and cables located at least in part in public rights-of-way"),[2] municipalities and townships where the video service provider operates may charge the video service provider a franchise fee.[3]

Plaintiff Maple Heights sues Defendants Netflix and Hulu for providing video services in Ohio—including in Maple Heights—without video service authorizations.[4] Maple Heights asks the Court to declare that Netflix and Hulu are video service providers under Ohio law, and that, therefore, Netflix and Hulu must pay a video service provider franchise fee to Maple Heights, among other Ohio municipalities.

Defendants Netflix and Hulu move to dismiss.[5] Netflix and Hulu argue they do not provide video services under Ohio law because (1) they do not offer video programming

---

[1] Ohio Rev. Code § 1332.23.
[2] Ohio Rev. Code § 1332.21.
[3] Ohio Rev. Code § 1332.32.
[4] Doc. 1.
[5] Docs. 21, 23.

Case No. 1:20-cv-01872
GWIN, J.

comparable to broadcast television, (2) they offer their content over the internet, which they claim is exempt under Ohio's statutory scheme, and (3) they do not own or operate video service networks in public rights-of-way.[6] Plaintiff Maple Heights disagrees on each of these points and argues that Ohio law subjects Netflix and Hulu to obligations to Ohio and its political subdivisions.

Hulu also argues Maple Heights is an improper party to bring this suit. To support this standing argument, Hulu points to O.R.C. § 1332.24(C), which permits the director of commerce to seek injunctions against the unauthorized provision of video services.[7] According to Hulu, the Ohio legislature granted the director of commerce, not municipalities, the power to sue persons who provide unauthorized video services.

In response, Maple Heights argues it has standing to bring this suit.[8] First, Maple Heights points to O.R.C. § 1332.33, which allows municipalities to sue video service providers who underpay their franchise fees.[9] Second, Maple Heights asserts that even if this suit falls outside the scope of § 1332.33, the Court should infer that the Ohio legislature intended for municipalities to bring enforcement actions against persons who provide video services without the director of commerce's authorization.[10]

This case raises novel Ohio law questions. The Court believes the Ohio Supreme Court is best positioned to determine (1) whether Netflix and Hulu are video service providers under Ohio law, and (2) whether Maple Heights can sue Netflix and Hulu to enforce Ohio's video service provider provisions.

---

[6] Docs. 21, 23.
[7] Ohio Rev. Code § 1332.24.
[8] Doc. 33 at 7.
[9] Ohio Rev. Code § 1332.33.
[10] Doc. 33 at 8.

Case No. 1:20-cv-01872
GWIN, J.

Moreover, addressing these issues may resolve the present suit between the parties.

Therefore, the Court intends to certify these questions of law to the Ohio Supreme Court, under Ohio Supreme Court Practice Rule 9.01.[11] By June 24, 2021, the parties should meet and confer and submit a proposed certification order.[12] If the parties are unable to agree on joint proposed order, each party may submit its own.

IT IS SO ORDERED.

Dated: June 21, 2021         s/    James S. Gwin
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[11] Ohio S. Ct. Prac. R. 9.01.
[12] The proposed certification order should comply with Ohio S. Ct. Prac. R. 9.02.