UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CITY OF MAPLE HEIGHTS, OHIO, | : | CASE NO. 1:20-cv-01872 |
| Plaintiff, | : | CERTIFICATION ORDER |
| v. | : | |
| NETFLIX, INC. & HULU, LLC, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Under Ohio Supreme Court Rule of Practice 9.01, this Court certifies two questions of Ohio law to the Ohio Supreme Court. This Court provides the following information:

I. **Name of the Case**

*City of Maple Heights, Ohio v. Netflix, Inc. and Hulu, LLC*, Case No. 1:20-cv-01872 (N.D. Ohio).

II. **Defendants' Motion to Dismiss and Plaintiff's Responses**

Plaintiff City of Maple Heights, Ohio sues Defendants Netflix, Inc. and Hulu, LLC for allegedly providing video services in Ohio—including in Maple Heights—without video service authorizations in violation of the Fair Competition in Cable Operations Act.[1]

Maple Heights asks the Court to declare that Netflix and Hulu are video service providers under Ohio law and, therefore, Netflix and Hulu must pay video service provider fees to Maple Heights and other Ohio municipalities.

---

[1] Ohio Rev. Code §§ 1332.21, et seq.

On October 19, 2021, Netflix and Hulu separately filed motions to dismiss Maple Heights's Complaint. In these motions to dismiss, Netflix and Hulu argue, inter alia, that they do not provide video service under Ohio law because: (1) they do not offer video programming comparable to broadcast television under O.R.C. § 1332.21(I); (2) they offer their content over the public Internet, which they claim is exempt under O.R.C. § 1332.21(J); and (3) they do not own, operate, or use video service networks in public rights-of-way under O.R.C. § 1332.21(J).

Plaintiff Maple Heights disagrees on each of these points and argues that Netflix and Hulu are subject to the requirements of O.R.C. §§ 1332.21, et seq. Plaintiff contends, inter alia: (1) Netflix and Hulu offer the same types of televisions shows, movies, and other video content as broadcast television and, therefore, provide video programming under O.R.C. § 1332.21(I); (2) Netflix and Hulu do not offer their video programming over the public Internet and, even if they did, Netflix and Hulu's video programming is not offered as "part of and via a service that enables users to access content, information, electronic mail, or other services offered over the public internet," as required by O.R.C. § 1332.21(J); and (3) they are video service providers under O.R.C. §§ 1332.21, et seq. even if Netflix and Hulu do not own, operate, or use video service networks.

In its motion to dismiss, Hulu also argues that Maple Heights is an improper party to bring this suit. To support this standing argument, Hulu points to O.R.C. § 1332.24(C), which gives the Director of Commerce authority to seek injunctions against the unauthorized provision of video services, enter into written assurances of voluntary compliance, or assess civil penalties pursuant to an administrative adjudication. According to Hulu, the Ohio

legislature granted the Director of Commerce, not municipalities, the power to bring actions against persons who provide unauthorized video services.

In response, Maple Heights argues it has standing to bring this suit. First, Maple Heights points to O.R.C. § 1332.33, which gives municipalities and townships a private right of action to sue video service providers who underpay their franchise fees based on the results of an audit. Second, Maple Heights asserts that even if this suit falls outside the scope of O.R.C. § 1332.33, the Court should infer that the Ohio legislature intended municipalities and townships to bring enforcement actions against video service providers that provide video service without the Director of Commerce's authorization.[2]

### III. Questions of Law to be Answered

1. Whether Netflix and Hulu are video service providers under Ohio law.[3]

2. Whether Maple Heights can sue Netflix and Hulu to enforce Ohio's video service provider provisions.[4]

### IV. Name of Each Party

- Plaintiff City of Maple Heights, Ohio
- Defendant Netflix, Inc.
- Defendant Hulu, LLC

### V. Names, Addresses, and Telephone Numbers of Counsel for Each Party

Plaintiff City of Maple Heights, Ohio is represented by:

> Mark A. DiCello (Ohio Bar No. 0063924)
> Justin J. Hawal (Ohio Bar No. 0092294)
> **DICELLO LEVITT GUTZLER LLC**

---

[2] *See Cort v. Ash*, 422 U.S. 66 (1975); *see also Anderson v. Smith*, 196 Ohio App. 3d 540, 544 (Ohio Ct. App. 2011).
[3] *See* Ohio Rev. Code § 1332.21(M).
[4] *See* Ohio Rev. Code §§ 1332.24, 1332.33(D); *Cort v. Ash*, 422 U.S. 66 (1975).

7556 Mentor Avenue
Mentor, Ohio 44060
Tel: 440-953-8888
madicello@dicellolevitt.com
jhawal@dicellolevitt.com

Adam J. Levitt
Mark S. Hamill
Brittany Hartwig
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Austin Tighe
Michael Angelovich
Chad E. Ihrig
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, Texas 78746
Tel: 512-328-5333
atighe@nixlaw.com
mangelovich@nixlaw.com

Peter Schneider
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
3700 Buffalo Speedway, Ste. 1100
Houston, Texas 77098
Tel: 713-338-2560
pschneider@schneiderwallace.com

Todd M. Schneider
Jason H. Kim
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: 415-421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com

Case No. 1:20-cv-01872
GWIN, J.

Defendant Netflix, Inc. is represented by:

    Amanda Martinsek (Ohio Bar No. 0058567)
    Gregory C. Djordjevic (Ohio Bar No. 0095943)
    **ULMER & BERNE LLP**
    1660 West 2nd Street, Suite 1100
    Cleveland, Ohio 44113-1448
    Tel.: 216-583-7000 / Fax: 216-583-7001
    amartinsek@ulmer.com
    gdjordjevic@ulmer.com

    Jean A. Pawlow
    **LATHAM & WATKINS LLP**
    555 Eleventh Street, NW, Suite 1000
    Washington, D.C. 20004-1304
    Tel.: 202-637-2200 / Fax: 202-637-2201
    jean.pawlow@lw.com

    Mary Rose Alexander
    Robert C. Collins III
    **LATHAM & WATKINS LLP**
    330 North Wabash Ave., Suite 2800
    Chicago, IL 60611
    Tel.: 312-876-7700 / Fax: 312-993-9767
    mary.rose.alexander@lw.com
    robert.collins@lw.com

Defendant Hulu, LLC is represented by:

    Kerri L. Keller (Ohio Bar No. 0075075)
    **BROUSE McDOWELL**
    388 S. Main St., Suite 500
    Akron, OH 44311-4407
    Telephone: (330) 535-5711
    Facsimile: (330) 253-8601
    kkeller@brouse.com

    Victor Jih
    Elizabeth R. Gavin
    Eric T. Kohan
    **WILSON SONSINI GOODRICH & ROSATI**
    Professional Corporation
    633 West Fifth Street, Suite 1550
    Los Angeles, CA 90071-1650
    Telephone: (323) 210-2900
    Facsimile: (866) 974-7329

Case No. 1:20-cv-01872
GWIN, J.

        vjih@wsgr.com
        bgavin@wsgr.com
        ekohan@wsgr.com

### VI.    Designation of One of the Parties as the Moving Party

None of the parties moved for certification. Because these issues are raised in Defendants' motions to dismiss, the Court designates Defendants Netflix and Hulu as the moving parties.[5]

### VII.    Conclusion

The Court **CERTIFIES** the above questions of law to the Ohio Supreme Court. In accordance with Rule 9.03(A), the Clerk of the United States District Court for the Northern District of Ohio is instructed to serve copies of this certification upon all parties or their counsel and file this certification order under the seal of this Court with the Clerk of the Ohio Supreme Court.

    IT IS SO ORDERED.

Dated: July 1, 2021                                    *s/     James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE

---

[5] Ohio S. Ct. Prac. R. 9.02(E).